# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kevin Calderon, being duly sworn, depose and state:

## Introduction

1. I am a Special Agent of the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), San Juan, Puerto Rico, assigned to the Public Safety Group (PSG), otherwise known as the Gangs Unit, and have been employed since April 2025. I am an investigative or law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, firearm's violations, and other related offenses.
2. I am a Graduate of The Homeland Security Investigations Special Agent Training (HSISAT), as well as The Criminal Investigator Training Program (CITP), at the Federal Law Enforcement Training Center in Charleston, South Carolina. During my time in those two programs, I received training in conducting investigations related to firearms violations and narcotics smuggling, which includes interdiction and distribution activities where investigations commonly conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code (USC). In addition, I also received training in investigations of crimes involving the importation and distribution of narcotics, conducting search warrants, basic investigative procedures, among others. Prior to becoming a Special Agent with HSI, your affiant was a Special Agent with the United States Secret Service, employed as a

Special Agent from August 2022 to March 2025. Prior to becoming a Special Agent with the Secret Service, I was a Police Officer with the Defense Intelligence Agency for approximately (1) year.

3. Based on my training, education, and professional experience, I am familiar with the methods used by individuals prohibited from possessing firearms, as well as the illegal trafficking, modification, and possession of firearms. I am qualified and have the necessary expertise to investigate violations of federal firearm laws, specifically those defined under 18 U.S.C. § 922(o), and to provide credible information in support of affidavits for criminal investigations involving these offenses.

4. The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal knowledge and observations made in the course of this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the investigation.

5. This affidavit contains information necessary to support probable cause for a criminal complaint charging Joscar Jampier GARCIA-ORTIZ with a violation of 18 U.S.C. § 922(o) (Unlawful Possession of a Machinegun). It is not intended to include every fact and matter observed by me or known to the United States.

**Facts Supporting Probable Cause**

6. On November 15, 2026, at approximately 12:30 a.m., Puerto Rico Police Department (PRPD) agents were conducting patrols near the Capetillo area of Río Piedras, San Juan, Puerto Rico when they agents received information from the central dispatch center reporting gunshots fired on Calle Manso.
7. PRPD agents responded to the area in marked patrol vehicles with their emergency lights activated. Upon arriving in the area, PRPD agents observed an individual, later identified as Joscar Jampier GARCIA-ORTIZ, begin running from the area.
8. PRPD agents pursued GARCIA-ORTIZ on Calle Manso while maintaining continuous visual contact with him. During the pursuit, PRPD agents observed GARCIA-ORTIZ reach into his waistband area and throw a pistol into a grassy area. PRPD agents then observed GARCIA-ORTIZ throw a firearm magazine and continue fleeing on foot.
9. Shortly thereafter, GARCIA-ORTIZ stopped running and raised his hands. PRPD agents detained GARCIA-ORTIZ on Calle Buen Consejo.
10. While GARCIA-ORTIZ was detained, PRPD agents retraced the route of the foot pursuit to the locations where they observed him discard the firearm and magazine. PRPD agents recovered a Glock model 23, .40-caliber pistol, bearing serial number FWD955, from the grassy area, as well as the discarded magazine.
11. Upon visual inspection, PRPD agents observed that the firearm had been modified to fire in a fully automatic capacity through the use of a device commonly known as a "chip" or auto sear. The modification was visible given the high contrast between its color (silver in a black firearm) and because the , square-shaped device protrudes from the rear of the firearm's slide.



12. The firearm was recovered with a 15-round-capacity magazine containing fifteen (15) rounds of .40-caliber ammunition. The magazine discarded by GARCIA-ORTIZ was also recovered and contained nineteen (19) rounds of .40-caliber ammunition.
13. A functions check was conducted by HSI Special Agent Kevin Calderon. During the check, it was observed that the trigger would not reset after racking the slide, which is inconsistent with the normal operation of a semi-automatic pistol. Based on my training and experience, this result is consistent with the firearm being able to fire automatically more than one shot without manual reloading with a single pull of the trigger.
14. PRPD agents also recovered thirteen (13) spent shell casings on Calle Manso. The casings were the same caliber as the firearm, magazine, and ammunition discarded by GARCIA-ORTIZ.
15. On November 15, 2026, HSI Public Safety Group (PSG) agents responded to the PRPD precinct to interview GARCIA-ORTIZ. Prior to questioning, HSI PSG agents formally

advised GARCIA-ORTIZ of his Miranda rights in Spanish. GARCIA-ORTIZ stated that he understood his rights, voluntarily waived them, agreed to speak with HSI PSG agents, and signed ICE Form 73-025, Statement of Rights and Waiver in Spanish.

16. When asked why he ran from police officers, GARCIA-ORTIZ stated that there had been a fight and that "in the streets you never know." GARCIA-ORTIZ stated that, when he saw police officers, he decided to run. GARCIA-ORTIZ further stated that he was not arrested with anything on his person and that the recovered firearm did not belong to him.

17. Based on the PRPD agents' continuous observation of GARCIA-ORTIZ during the foot pursuit, including their observation of GARCIA-ORTIZ removing a firearm from his waistband and discarding it, there is probable cause to believe that GARCIA-ORTIZ knowingly possessed the recovered machinegun, ammunition, and magazine.

**Conclusion**

18. Based on the facts contained herein, I submit there is probable cause to believe that Joscar Jampier GARCIA-ORTIZ has violated 18 U.S.C. § 922(o) (Unlawful Possession of a Machinegun).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

KEVIN CALDERON

Digitally signed by KEVIN CALDERON
Date: 2026.11.15 20:13:19 -05'00'

Kevin Calderon
Special Agent
Homeland Security Investigations

Sworn in accordance with the requirement of Fed.R.Crim. P.4.1 by telephone at 8:47 a.m., this 16th day of November 2026.

Digitally signed by Hon. Giselle López-Soler

Giselle López-Soler
United States Magistrate Judge
District of Puerto Rico